NH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jose Luis Nava Diaz,

Petitioner,

v.

Unknown Party, *et al.*,

Respondents.

No.    CV-26-01937-PHX-JJT (MTM)

**ORDER**

Self-represented Petitioner Jose Luis Nava Diaz, who is confined in the Central Arizona Florence Correctional Complex, has filed a Petition Under 28 U.S.C. § 2241 challenging his immigration detention (Doc. 1), a Memorandum in Support (Doc. 3), and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will deny the Application to Proceed, give Petitioner 30 days to either pay the filing fee or file a complete Application to Proceed In Forma Pauperis, and require Respondents to answer the Petition.

## I.    Failure to Comply with Local Rule 3.5(c)

Rule 3.5(c) of the Local Rules of Civil Procedure requires that "[i]f a habeas corpus petitioner desires to prosecute the petition in forma pauperis, the petitioner shall file an application to proceed in forma pauperis on a form approved by the Court, accompanied by a certification of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit." Rule 3.5(c) also requires payment of the $5.00 filing fee if a petitioner has in excess of $25.00 in his inmate account.

TERMPSREF

Petitioner has not used the court-approved form for his Application to Proceed In Forma Pauperis.  The Court will deny the Application to Proceed and give Petitioner 30 days from the date this Order is filed to either pay the $5.00 filing fee or file an Application to Proceed using the form included with this Order.

**II.     Petition**

In his Petition, Petitioner names as Respondents the Florence Detention Center Facility Administrator, former Acting Director of the United States Immigration and Custom Enforcement (ICE) Tae D. Johnson, the ICE Phoenix Field Office Director, the ICE Orlando Field Office Director, and former United States Department of Homeland Security Secretary Kristi Noem.

Petitioner does not specify when he entered the United States or when he was detained.  Petitioner claims his detention serves no legitimate immigration purpose and has become punitive in nature.  He alleges he has a pending asylum application, was granted employment authorization, and maintains strong family and community ties in Arizona.  He also asserts he has no criminal history and does not pose a danger to the community.

Petitioner alleges that during his arrest, he was subjected to excessive force when ICE officers broke his vehicle window without justification while his minor child was crying inside.  He also claims he has been subjected to a "jurisdictional conflict between ICE Phoenix and ICE Orlando."  Specifically, Petitioner claims "ICE Phoenix has indicated Orlando is responsible," but "ICE Orlando redirected the matter back to Phoenix."  He claims this has "resulted in a lack of meaningful custody review and an indefinite continuation of detention without accountability."

In Count One, Petitioner claims his detention violates his Fifth Amendment right under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and *Demore v. Kim*, 538 U.S. 510 (2003).  In Counts Two and Four, Petitioner alleges his indefinite detention is unlawful and punitive.  In Count Three, Petitioner asserts the "government['s] failure create[d] a due process violation."

. . . .

TERMPSREF

- 2 -

To the extent Petitioner is alleging an excessive force claim, this claim is not cognizable in a habeas corpus action and will be dismissed.  A habeas corpus proceeding is the proper method for challenging the legality or duration of confinement.  *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).  Because an excessive force claim would not necessarily lead to Petitioner's release, it does not fall within the scope of habeas corpus and must be pursued in a separate § 1983 civil rights action.  *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016).

The Court will dismiss the ICE Phoenix and Orlando Field Office Directors as improper Respondents.  *See Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024).  The Court will substitute Todd Lyons for Respondent Johnson and Luis Rosa, Jr., for Respondent Facility Administrator of Florence Detention Center.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitute Markwayne Mullin for Respondent Noem.

The Court will require Respondents Rosa, Lyons, and Mullin to respond to the Petition.

### III.    Warnings

#### A.    Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

#### B.    Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Petitioner must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Petitioner.

. . . .

TERMPSREF

- 3 -

**IT IS ORDERED:**

(1)     Petitioner's Application to Proceed In Forma Pauperis (Doc. 2) is **denied**.

(2)     Within **30 days** of the date this Order is filed, Petitioner must either pay the $5.00 filing fee **or** file a complete Application to Proceed In Forma Pauperis.

(3)     If Petitioner fails to either pay the $5.00 filing fee or file a complete Application to Proceed In Forma Pauperis within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Petitioner and deny any pending unrelated motions as moot.

(4)     Respondents Immigration and Customs Enforcement Phoenix and Orlando Field Office Directors are **dismissed**.

(5)     The Clerk of Court must **substitute** Luis Rosa, Jr., for Respondent Facility Administrator of the Florence Detention Center; Todd Lyons for Respondent Johnson; and Markwayne Mullin for Respondent Noem.

(6)     The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1), the Memorandum in Support (Doc. 3), and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, the Memorandum in Support, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(7)     The Clerk of Court must immediately transmit by email a copy of this Order, the Petition, and the Memorandum in Support to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

. . . .

TERMPSREF

(8)    Respondents must answer the Petition within **20 days** of the date of service. Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(9)    Petitioner may file a reply within **10 days** from the date of service of the answer.

(10)    This matter is referred to Magistrate Judge Michael T. Morrissey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

(11)    The Clerk of Court must mail Petitioner a court-approved form for filing an Application to Proceed In Forma Pauperis (Habeas).

Dated this 1st day of April, 2026.

Honorable John J. Tuchi
United States District Judge

TERMPSREF

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

_____ ,

Petitioner,

v.

_____ ,

Respondent(s).

CASE NO. _____

**APPLICATION TO PROCEED
IN FORMA PAUPERIS
BY A PRISONER
(HABEAS)**

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently employed at the institution where you are confined?  ☐Yes  ☐No
   If "Yes," state the amount of your pay and where you work. _____
   _____
   _____

2. Do you receive any other payments from the institution where you are confined?  ☐Yes  ☐No
   If "Yes," state the source and amount of the payments. _____
   _____
   _____

Revised 3/15/16

1

3.  Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                                      ☐Yes        ☐No
    If "Yes," state the sources and amounts of the income, savings, or assets.  _____

    _____

    _____

I declare under penalty of perjury that the above information is true and correct.

_____                    _____
            DATE                                                          SIGNATURE OF APPLICANT

---

### CERTIFICATE OF CORRECTIONAL OFFICIAL
### AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
            (Printed name of official)

The applicant's trust account balance at this institution is:    $_____.

_____
DATE                AUTHORIZED SIGNATURE                TITLE/ID NUMBER                INSTITUTION