# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Luis Nava Diaz, | No. CV-26-01937-PHX-JJT (MTM) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Unknown Party, et al., | |
| Respondents. | |

TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:

Self-represented Petitioner Jose Luis Nava Diaz, who is confined in the Central Arizona Florence Correctional Complex, has filed a Petition Under 28 U.S.C. § 2241 and a Memorandum in Support challenging his immigration detention. (Docs. 1, 3.)

Among his claims, Petitioner asserts under *Zadvydas v. Davis*, 533 U.S. 678 (2001), that his prolonged detention violates his Fifth Amendment rights. (Docs. 1, 5.) Petitioner seeks an order directing his immediate release from immigration detention. (*Id.*) The Court subsequently screened the Petition and required Respondents to file a response. (Doc. 5.)

On April 22, 2026, Respondents filed an Answer stating that Petitioner was removed. (Doc. 12.) Counsel for Respondents avers that he received email confirmation from Immigration and Customs Enforcement's Office of the Principal Legal Advisor that Petitioner was removed from the United States on April 17, 2026. (*Id.* at 1.) In light of his removal, Respondents contend that Petitioner's habeas petition is now rendered moot because there is no case or controversy. (*Id.*)

Under Article III of the United States Constitution, a federal court has jurisdiction over actual, ongoing controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "Mootness can arise at any stage of litigation" and "federal courts may not give opinions upon moot questions or abstract propositions[.]" *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (internal quotation marks and citations omitted). "A petitioner's deportation does not automatically render his claim moot" but rather "to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) (first citing *Zegarra–Gomez v. INS*, 314 F.3d 1124, 1126-27 (9th Cir. 2003)). A petitioner's claims are rendered moot when the claims were "fully resolved by the release from custody" and "successful resolution of their pending claims could no longer provide the requested relief." *Abdala*, 488 F.3d at 1065.

Based on the undisputed record before the Court, Petitioner was released from ICE custody and removed from the United States. (Doc. 12.) This is supported by Respondents' assertion that they received email confirmation from Immigration and Customs Enforcement's Office of the Principal Legal Advisor that Petitioner was removed from the United States on April 17, 2026. (*Id.*)

Further, Petitioner's claims in his Petition concern only his detention in ICE custody as he seeks an order directing his immediate release. (Docs. 1, 5.) Because Petitioner's release from ICE custody and removal from the United States fully resolve the claims and "successful resolution of [the] pending claims could no longer provide the requested relief[,]" Petitioner's claims are now moot. *See Abdala*, 488 F.3d at 1065. Accordingly, the Court will recommend that the Petition Under 28 U.S.C. § 2241 and a Memorandum in Support be dismissed as moot.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition Under 28 U.S.C. § 2241 and a Memorandum in Support challenging his immigration detention (Docs. 1, 3) be **DENIED** and **DISMISSED** as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 20th day of May, 2026.

_____
Honorable Michael T. Morrissey
United States Magistrate Judge